UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EQUITABLE DEVELOPMENT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSHFIELD AIRPORT COMMISSION,<br><br>    Defendant. | Civil Action No.<br>25-10736-BEM |

## MEMORANDUM AND ORDER

**MURPHY, J.**

Plaintiff Equitable Development, LLC ("Equitable") has moved for a preliminary injunction based on what it believes was an invalid taking by Defendant Marshfield Airport Commission ("the Commission"). Dkt. 6 ("Mot."). The Court finds that Equitable is unlikely to succeed in showing that the taking was invalid. Therefore, the motion is DENIED.

**I.    Background**

Equitable owns certain real property. Dkt. 1 ("Compl.") ¶ 2.[1] The Commission manages a municipal airport ("the Marshfield Airport") adjacent to that property, on behalf of the Town of Marshfield, Massachusetts. *Id.* ¶ 3.[2] On February 26, 2025, the Commission authorized an Order

---

[1] The Court "has broad discretion in deciding what evidence to consider in connection with a motion for preliminary injunction." *Rice v. Wells Fargo Bank, N.A.*, 2 F. Supp. 3d 25, 31 (D. Mass. 2014). This includes "hearsay" and "otherwise inadmissible evidence." *Bos. Taxi Owners Ass'n, Inc. v. City of Bos.*, 84 F. Supp. 3d 72, 78 (D. Mass. 2015). "'[A]n evidentiary hearing is not an indispensable requirement when a court allows or refuses a preliminary injunction' under Fed. R. Civ. P. 65." *Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995) (quoting *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (1st Cir. 1988)).

[2] The Marshfield Airport Commission was formed pursuant to Mass. Gen. Laws ch. 90 § 51E, which authorizes and, in some instances, requires Massachusetts cities and towns to form an airport commission for "the custody, care and management of the municipal airport of said city or town." *See* Dkt. 11-1 ¶ 5.

of Taking ("the Order") for two easements affecting Equitable's property. *Id.* ¶ 34. The Order was sent to Equitable and subsequently filed with the local Registry of Deeds. *Id.* ¶¶ 34–35; *see also* Dkt 1-2 at 19–31 (Ex. A to the Verified Complaint, the Order and related correspondence).

On March 10, 2025, Equitable filed suit in Massachusetts Superior Court, Plymouth County. Compl. ¶ 1. Equitable proceeds primarily upon the theory that the Order and taking were invalid, for either or both procedural or substantive reasons, and seeks damages and declaratory and injunctive relief thereupon. *See, e.g.*, Compl. ¶¶ 45, 47–51, 68, 73. In the alternative, "should [the Order] be deemed valid," Equitable seeks just compensation for the taking. *Id.* ¶ 59.

On March 29, 2025, the Commission removed to federal court based on Equitable's takings claim under the federal Constitution. Dkt. 1. On March 31, 2025, Equitable moved for a preliminary injunction. Dkt. 6.

## II.     Legal Standard

"[T]he issuance of preliminary injunctive relief is 'an extraordinary and drastic remedy that is never awarded as of right.'" *Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT*, 440 F. Supp. 3d 99, 102 (D. Mass. 2020) (quoting *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82, 85 (1st Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Of the four factors, likelihood of success "weighs most heavily" in the analysis. *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If the movant cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *US Ghost Adventures, LLC v. Miss Lizzie's Coffee LLC*, 121 F.4th 339, 348 (1st Cir. 2024) (internal quotation marks omitted).

In determining likelihood of success, "the Court need only consider . . . the claims that support the requested injunctive relief." *Svenska Ortmedicinska Institutet, AB v. DeSoto*, 164 F. Supp. 2d 27, 31 (D. Me. 2001).

### III. Discussion

#### A. Likelihood of Success

Here, the "claims that support the requested injunctive relief," *Svenska*, 164 F. Supp. 2d at 31, will require finding that the Order and/or its underlying taking were unlawful. *See* Compl. ¶¶ 45, 47–51, 68, 73. Equitable's arguments are three-fold: *first*, that procedural defects invalidate the Order, Mot. at 4–6; *second*, that the taking was unlawful because it was issued in bad faith or for an improper purpose, *id.* at 6–8; *third*, that the Commission lacked the authority to issue the Order, *id.* at 8–9.

For the reasons stated below, the Court finds it unlikely that Equitable will be able to show that the Order or taking were unlawful.

##### 1. Procedural Defects

###### a. Prior Notice

Equitable claims that the Commission was required to give thirty days' notice prior to issuing the Order and that it failed to do so. Mot. at 5 (citing Mass. Gen. Laws ch. 79 § 5C). But "takings on behalf of" a town are exempt from that requirement. *See* Mass. Gen. Laws ch. 79 § 5C. Neither party has identified, nor has the Court found, any cases specifically stating whether, for purposes of Mass. Gen. Laws ch. 79 § 5C, an airport commission necessarily acts "on behalf of" the town that creates it. *See* Dkt. 11 ("Opp.") at 11–13. Nevertheless, the statute's language ("on behalf of") clearly contemplates that the exemption will apply to town agents, rather than just to a given town, acting in name, as such. *Cf.* Mass. Gen. Laws Ch. 40 § 14, Ch. 90 § 51G (granting authority and fixing limitations based on the identity of the taking's executor). Massachusetts

3

courts generally treat airport commissions as acting on behalf of their commissioning towns. *See, e.g.*, *Citizens for a Safe Chatham Airport, Inc. v. Town of Chatham*, 99 Mass. App. Ct. 1115, 2021 WL 961112, *1 n.4 (2021) (noting that the town acts "by and through" its airport commission); *Berry v. City of Worcester*, 1998 WL 1181727, at *1 (Mass. Super. Sept. 10, 1998) (same); *Devine v. Town of Nantucket*, 449 Mass. 499, 501 (2007) (treating airport commission and town as interchangeable in takings claim analysis); *Reynolds Bros. v. Town of Norwood*, 414 Mass. 295, 255, 609 N.E.2d 58, 59 (1993) ("The town of Norwood is responsible for the contractual obligations of the airport commission."). Looking to this specific case, the Commission does appear to have been acting "on behalf of" the Town of Marshfield, pursuant to its statutory mandate to manage and care for the Marshfield Airport. *See* Dkt. 1-2 at 23. This is perhaps most aptly demonstrated by the title to the taken easements' being held by the Town of Marshfield. *See* Opp. at 13. Accordingly, the Court finds that the thirty-days' notice requirement did not apply to the Commission, and so the Commission did not violate it.

### b. Subsequent Notice

Next, Equitable claims that the Order lacked certain necessary details to notify Equitable about the taking, including the time and place at which compensation could be obtained and how the amount of compensation was determined. Mot. at 5–6. But it is undisputed that the Commission did provide notice and even tried to make payment. *See* Dkt. 1-2 at 31. In any event, "the absence of notice d[oes] not invalidate [a] taking." *Copp v. Town of Dennis*, 56 Mass. App. Ct. 1107, 2002 WL 31487850, at *1 (2002) (citing cases). Rather, the sufficiency of subsequent notice merely impacts the rights of the individual based on and following the taking, *i.e.*, their claim for just compensation. *Id.* Accordingly, even assuming that the notice was deficient in the ways described, and even assuming that such deficiencies were not cured by correspondence thereafter, that would not impact the validity of the taking.

### c. Other Defects

Finally, Equitable notes, "on information and belief," that it "suspects" several other defects and charges the Commission with proving otherwise. Mot. at 6. But that is not how preliminary injunctions work. The movant bears the burden. *See Esso Standard Oil Co. v. Monroig–Zayas*, 445 F.3d 13, 18 (1st Cir. 2006).[3] Accordingly, Equitable has not made its showing.

### 2. Bad Faith or Improper Purpose

"[Equitable's] primary challenge to the taking is that it was issued in bad faith or for an improper purpose." Mot. at 6. More specifically, Equitable charges that the taking was primarily for the benefit of Shoreline Aviation ("Shoreline"), Mot. at 7–8, a private company which leases part of the airport's property and which provides certain operational services, *see* Dkt. 11-1 ¶ 9.[4] As support, Equitable submits that, prior to the taking, it had "engaged in extended communications with the Commission over the course of nearly two years . . . illustrat[ing] the [Commission's] initial interest in purchasing the property" or in "broker[ing] a sale between Shoreline . . . and [Equitable]." Mot. at 7. For the most part, the Commission confirms Equitable's account of the history between the parties. *See* Dkt. 11-3 ¶¶ 5–11.

Equitable is correct that "a municipal land taking, proper on its face, may be invalid because it was undertaken in bad faith." *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 775 (1987); *see also Kelo v. City of New London, Conn.*, 545 U.S. 469, 477 (2005)

---

[3] Nevertheless, the Commission counters each of these accusations. Opp. at 14–15 (citing affidavits).

[4] Equitable characterizes Shoreline's role at the airport in more-totalizing terms, including that Shoreline "exclusively leases the entire airport facility (except the runways and taxiways)" and has the "sole right to collect all revenue from airport operations." Dkt. 6 at 7–8. Equitable does not quote from, cite to, or attach the lease. *Id.* To its opposition, Shoreline does. *See* Dkt. 11-5 at 20–34. Upon review, the Court does not find Shoreline's interest to be so coextensive. *Compare* Dkt. 11-1 ¶ 7 (stating that Marshfield Airport is comprised of 150+ acres of property) *with* Dkt. 11-5 at 21 (lease agreement showing that Shoreline leases "11.5 more or less acres of land").

(articulating Constitutional limiting principles to the government's power to transfer property among private parties).[5]  "Certainly, the use of the power solely to benefit some private person or persons would be action taken in bad faith and grounds for declaring a taking invalid." *Pheasant Ridge*, 399 Mass. at 775.  However, "[i]t is not easy to prove that particular municipal action was taken in bad faith." *Id.* at 776.  This is so because a "taking is not void 'merely because [a] disposition of that land indirectly benefits private individuals[,]' so long as the benefits to the private individuals 'are incidental to the main purpose of the plan,' which is to 'achieve the public purpose.'" *Deep v. City of N. Adams*, 67 Mass. App. Ct. 1109, 2006 WL 2853878, at *3 (2006) (alterations in original) (quoting *Benevolent & Protective Order of Elks, Lodge No. 65 v. Planning Bd. of Lawrence*, 403 Mass. 531, 551 (1988)).[6]

Here, Equitable "needed to do more than merely present some evidence that purported the effect of the taking benefitted [Shoreline]." *Id.*  Equitable has simply not done so.  The fact that the Commission had previously negotiated with Equitable to reach an agreement with respect to the property does not suggest that its ultimate resort to eminent domain was in bad faith.  *See United States v. Acquisition of 0.3114 Cuerdas of Condemnation Land More or Less, Located on Calle O'Neill, Hato Rey, Rio Piedras Norte Ward, Municipality of San Juan, P.R.*, 753 F. Supp. 50, 56 (D.P.R. 1990).  Rather, the history between the parties can just as easily be interpreted as the product of rational decision-making—"[w]hen it became apparent to the [Commission] that

---

[5] *See also Fitchburg Gas & Elec. Light Co. v. Dep't Of Pub. Utilities*, 467 Mass. 768, 775 n.8 (2014) ("[The Massachusetts Supreme Judicial Court has] consistently employed Federal takings analysis in examining [takings] claims under" Massachusetts law.).  Accordingly, insofar as a bad faith claim turns on general principles of eminent domain, the Court consolidates the analysis.

[6] Equitable's argument fares no better under the Town of Marshfield's bylaws.  *See* Dkt. 6 at 6–7 & n.2.  Equitable gives the Court no reason to doubt that title from the taking vests in the Town of Marshfield and is likely to stay there.  *See* Opp. at 13.  Nor can the Court imagine what "economic development" might occur on a relatively small patch of land that the airport has possessed for the past fifty years.  *Id.* at 14 n.4; Dkt. 11-2 ¶ 13.

[Equitable] was not going to give up the subject land through a negotiated settlement, it resorted to its trump card, condemnation." *Id.*

Accordingly, the Court finds it unlikely that Equitable will succeed in proving bad faith.

### 3. Authority to Issue

Finally, Equitable argues that the Commission lacked statutory authority to issue the Order, given airport commissions' limited power to effect takings only for either "establishing an airport" or for the "removal or the prevention of the establishment of any airport hazard." Mot. at 8–9 (citing Mass. Gen. Laws ch. 90 § 51G). The Marshfield Airport was clearly already established when the Order was issued. *See* Dkt. 11-1 at ¶¶ 4–5. Accordingly, the issue appears to turn on whether the taking was for the purpose of removing or preventing a hazard.

The statute defines "airport hazard" broadly to include "any . . . use of land which . . . is [] hazardous to [the] landing or taking off [of aircrafts]." Mass. Gen. Laws ch. 90 § 35(g). Equitable argues that the Order's catch-all reference to "public purposes" shows that the Commission exceeded its authority. Mot. at 9. But this ignores that the Order also expressly states that the easements are for the purpose of maintaining the accessibility and security of the Marshfield Airport. Dkt. 1-2 at 23; *see also* Opp. at 17–18 (further explaining the Commission's purpose); Dkt. 11-3 at 4 (affidavit by Marshfield Town Administrator stating that the easements "eliminate[] a hazard"). Equitable does not address these more-specific purposes. *See* Mot. at 8–9. At this stage, the Court credits the Commission's stated purpose and finds that this purpose falls within its statutory authority to prevent the airport from suffering hazards.

### B. Irreparable Harm, Balance of Equities, and the Public Interest

Given that Equitable is unlikely to succeed at invalidating the taking, "the remaining factors become matters of idle curiosity." *US Ghost Adventures*, 121 F.4th at 348 (internal quotation marks omitted). Nevertheless, the Court addresses each below.

The Court finds that risk of irreparable harm does not weigh in favor of granting the injunction. "Even in cases involving real estate, 'irreparable harm is not assumed; it must be demonstrated,' and 'speculative injury does not constitute a showing of irreparable harm.'" *Baptiste v. Kennealy*, 490 F. Supp. 3d 353, 381 (D. Mass. 2020) (quoting *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 6–7 (1st Cir. 1991)) (cleaned up). Here, the at-issue land has functionally been a part of the Marshfield Airport for more than fifty years. Dkt. 11-2 ¶ 13. Equitable's primary objection is that an ongoing, repaving project may "permanently alter the character of the Easement Areas." Mot. at 9–10. But at oral argument, the Commission's counsel confirmed that the area was already paved and that no new areas would be paved. Accordingly, Equitable has not shown a substantial risk of irreparable harm.[7]

The Court likewise finds that the balance of equities and the public interest weigh against granting the injunction.[8] The Court credits the Commission's proffered testimony that the at-issue easements are "essential to the airport from an access and security standpoint." Dkt. 11-1 ¶¶ 17, 20, 22. The airport, in turn, benefits the citizens of Marshfield. *Id.* ¶ 10.

## IV.  Conclusion

For the foregoing reasons, Equitable's motion for preliminary injunction is DENIED.

**So Ordered.**

Dated: April 15, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

---

[7] This finding, independently, would be sufficient to deny the motion. *City of Lowell v. Enel N. Am., Inc.*, 705 F. Supp. 2d 116, 121 (D. Mass. 2010) (citing *Pub. Serv. Co. of N.H. v. Town of W. Newbury*, 835 F.2d 380, 383 (1st Cir. 1987)).

[8] Because the Defendant is the government, the final two factors merge. *Grafton & Upton R.R. Co. v. Town of Hopedale*, 2023 WL 2761205, at *12 (D. Mass. Mar. 31, 2023) (citing *Does 1-6 v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021)), *appeal dismissed*, 2023 WL 11261740 (1st Cir. Nov. 27, 2023); *see also* n.2, *supra* (explaining the legal relationship between the Commission and the Town).